BROWN, Chief Judge,
dissents.
hi disagree that State v. Snyder, supra, is distinguishable from our case. In this case, a sanity hearing was held in which the psychiatric reports found that defendant was competent to stand trial. Defense counsel asked for a continuance to examine the medical practitioner. The matter was reset for January 7, 2010, but the hearing did not take place. In Snyder, there was also a hearing in which the defendant was found competent. The Louisiana Supreme Court considered defendant’s motion to continue as a request for further inquiry into defendant’s competency and remanded the case for a nunc pro tunc competency hearing. As to No-mey, supra, the Snyder court at pages 854-55 stated:
Thus, Nomey does not preclude the possibility of a nunc pro tunc competency hearing in a case such as the one sub judice where the trial judge ignored a bona fide doubt as to defendant’s competence to stand trial.
[[Image here]]
A “meaningful” determination is possible “where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant’s condition at the time of the original state proceedings” ... “The passage of time is not an insurmountable obstacle if sufficient contemporaneous information is available.” Reynolds v. Norris, 86 F.3d 796, 802-08 (8th Cir.1996).
[[Image here]]
If the trial court concludes defendant was competent, no new trial is required to be conducted. If the trial court finds a meaningful inquiry cannot be had, or if it determines after the hearing that defendant was not competent at the time of his trial, defendant shall be entitled to a new trial.
In the case sub judice, there is sufficient evidence in the record, together with such additional cross-examination and other evidence that may be relevant, to permit an accurate assessment of defendant’s condition |2at the time of the original hearing and trial. Thus, I respectfully dissent and would remand for a nunc pro tunc hearing.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, MOORE & SEXTON (Pro Tempore), JJ.
Rehearing denied.
BROWN, C.J., and MOORE, J„ would grant rehearing.